Filed 2/3/15  Wilson v. Alonzo CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| JOYCE WILSON et al., | B256026 |
| Petitioners, | (Los Angeles County Super. Ct. No. BC508742) |
| v. | |
| THE SUPERIOR COURT OF LOS ANGELES COUNTY, | ORDER MODIFYING OPINION |
| Respondent; | [CHANGE IN JUDGMENT] |
| ALICE ALONZO, | |
| Real Party in Interest. | |

THE COURT:

It is ordered that the opinion filed herein on January 28, 2015, be modified as follows:

1.  On page 3, after the last sentence of the disposition ending in "the stay is

vacated." The following sentence is added:

"Costs are awarded to Real Party in Interest."

This modification changes the judgment.

NOT TO BE PUBLISHED.


_____

        CHANEY, Acting P. J.        JOHNSON, J.

Filed 1/28/15  Wilson v. Super. Ct. CA2/1 (unmodified version)

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| JOYCE WILSON et al.,<br><br>Petitioners,<br><br>v.<br><br>THE SUPERIOR COURT OF LOS ANGELES COUNTY,<br><br>Respondent;<br><br>ALICE ALONZO,<br><br>Real Party in Interest. | B256026<br><br>(Los Angeles County<br>Super. Ct. No. BC508742) |

ORIGINAL PROCEEDING; petition for writ of mandate.  Randolph Rogers, Judge.  Petition denied.

Ferguson Case Orr Paterson, Wendy C. Lascher, Anna L. Bijelic and Lauren C. Rad, for Petitioners.

No appearance by Respondent.

Rehwald Glasner & Chaleff, William Rehwald and Kevin Rehwald, for Real Party in Interest.

_____

Joyce and Breanna Wilson are defendants in a civil action filed by Alice Alonzo alleging that when Joyce and her ex-husband Stephen Wilson[1] divorced, he fraudulently transferred his interest in community property to Joyce, in an effort to prevent Alonzo from recovering court-ordered restitution and a potential damages award in Alonzo's ongoing personal injury lawsuit against Stephen. The trial court denied Joyce's motion to quash a deposition subpoena by Alonzo requesting that Stephen's divorce lawyer produce a confidential marital settlement agreement (CMSA) entered into by Joyce and Stephen in or about July/August 2011. Joyce filed a petition for writ of mandate arguing that the CMSA was prepared in the course of mediation and protected from disclosure by Evidence Code section 1119, and asking us to order the trial court to vacate its order and to direct the trial court to enter an order quashing Alonzo's request for production of the CMSA. We issued an order to show cause and stayed further proceedings in the trial court.

After oral argument, on September 11, 2014, we vacated submission and ordered the trial court to hold a hearing within 60 days and make a factual determination whether mediation took place and, if so, when it occurred. The trial court held an evidentiary hearing on November 14, 2014. After hearing, the trial court filed a comprehensive order on December 18, 2014, stating that "a 'mediation' did not take place within the meaning of Evidence Code §1115(a)." The order concluded that the evidence supported a finding that Joyce had begun a collaborative law process to obtain a divorce from Stephen, but subsequently abandoned the collaborative law dispute resolution process because it could not produce a confidential settlement agreement. As the order states: "[T]he evidence reflects that the whole purpose of at least ostensibly using the mediation process was to facilitate confidential transfers of Stephen Paul Wilson's assets to Joyce Wilson, the mother of his two children, in order to put those assets out of the reach of [Alonzo] that he was charged with, and ultimately convicted of, torturing and attempting to murder." Although there was some evidence that someone was retained to be denominated the

---

[1] We use the Wilsons' first names to prevent confusion. No disrespect is intended.

2

"'mediator,'" "'no evidence was presented that established that the 'mediator' in any way facilitated the communications between the parties 'to assist them in reaching a mutually acceptable agreement.'"

As the trial court has found that no mediation took place, the CMSA is not protected from disclosure. Joyce's motion to quash was properly denied.

**DISPOSITION**

The petition for writ of mandate is denied, and the stay is vacated.

NOT TO BE PUBLISHED.


JOHNSON, J.


We concur:


CHANEY, Acting P. J.


MILLER, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

3